Norris, J.
These cases are on the same line and are submitted together upon demurrers to the petitions; the disposition of one disposes of them all.
The cases are commenced in this court invoking its jurisdiction under sections 447 & 6768 of the Revised Statutes. The petition in case 786 recites that Solomon Funk is now and for more than a year last past has been one of the trustees of the gas works of the city of Findlay, elected, qualified and performing the duties of such public office. That at the same time respondent Funk has been and is a member of the partnership firm of Funk & Plotner, of which firm he is and has been all this time employed as the active manager. That during this time while he was so employed by said firm and acting as said trustee of the gas works, which board has the control and management of the gas department of said city, said gas trustees have made divers and sundry contracts with the firm of Funk & Plotner to' perform work and to furnish material to said gas department, and purchased and paid for said work and material out of the city funds in the possession of and under the control of said gas trustees, and all this with the knowledge and connivance of Solomon Funk and for his benefit as a member of-said firm, and in this manner and by so doing, Funk knowingly acquired an interest in these contracts made between the gas trustees and said firm, wherefore relator says that said Solomon Funk has, as provided in section 1545-79, forfeited his said office and the title thereto, and a judgment of ouster is asked.
To this petition a demurrer is filed in which the grounds are stated:
First. That the petition does not state facts sufficient to constitute a cause of action against the defendant.
Second. That this court has no jurisdiction to hear and determine the cause of action stated in the petition.
*157 Section 1545-79 in substance provides “that no contract for work to be done or material to be supplied to any city or department thereof shall be made with any officer or employee of the city nor with any firm or partnership of which such officer or employe is a member, or by which he is employed in any capacity, and if such officer or employe during his term of-office or employment knowingly acquires an interest in such contract,he shall forfeit his office.”
Section 6976 provides in substance “that an officer of a municipal corporation who is interested directly or indirectly in the profits of any contract, job, work, or service for the corporation during the term for which he was elected or appointed, or for one year thereafter, shall be fined or imprisoned,or both,and shall forfeit his office.”
The official title of the board of which respondent is a member is “Trustee of the Gas Works.” He isa trustee of the gas works of the city of Findlay, Ohio; he was made such and exercises his functions of office under title 12, division 8, chapter 3, of the Revised Statutes.
One of the provisions of that chapter, in section 2491a,is that the provisions of chapter 1, division 8, title 12, so far as applicable, shall to the extent laid down in that section govern all municipalities, their officers and agents, in all cases not otherwise provided for by statute, who exercise authority and act under said chapter 3. Funk is a trustee of the gas works. It is his duty, together with his co-trustees, to manage and conduct said works,so made by statute, He is an officer of the gas works; he is one of the managers of it; he is a trustee of the gas works. The provisions of chapter 1, division 8, title 12, are applicable respecting the investigation of the management of said works and the removal of any officer who manages said works.
Section 2435-56, a part of chapter 1, division 8, title 12, provides for the removal of such officer for misfeasance, malfeasance or nonfeasance in office in the manner provided for the removal of officers by the statutes of Ohio.
*158 There can be no doubt that this defendant Funk, as one of the trustees of the gas works, is an officer of the city of Findlay. So far as form is concerned, there can be no doubt that he is charged as such officer with malfeasance in office, either under section 1545-79,or section 6976,or both, in manner and form that would, if established in a proper proceeding for that purpose,demand his removal from office, and hence the first ground of the demurrer is overruled,
Now, as to the second ground of demurrer, the question at once presents itself, is this the court,and is quo warranto the method by which this respondent is to be ousted from his office and deprived of its honors and emoluments?
The case of The State against Marlow,in 15 Ohio St., 114, sustains the position taken by counsel who urge the demurrer,that inquiry is only made upon complaint of the character of the one at bar in a proceeding in quo warranto where the statute has pointed out no other method. But if the statute has made provisions which afford a remedy, that remedy is exclusive,and quo warranto will not lie.
Sections 1782, 1733, 1735 and 1736 of the Revised Statutes provide that upon a proper complaint filed with the probate judge of the county in which the corporation is situated, charging’that'any officer of the corporation is or has been interested directly or indirectly in the profits of any contract, job, work or service, or that any officer of the corporation has been guilty of malfeasance in office, the probate court shall take jurisdiction and proceed to investigate, or upon demand, the facts shall be submitted to a jury, and if the charges of the complaint are sustained, the court shall make its order removing said officer from office.
It would appear by these provisions that the statute pointed out the method of procedure in a condition presented by the allegations of this petition, and that being so under the law as we find it in the Marlow case, and particularly in the case in our supreme court of The State on relation of the *159 Attorney General against McClain, as announced in- the learned and exhaustive opinion of Justice Williams, published in 40 Weekly Law Bulletin, 28,’ W6 cannot help but conclude that however pious the notion that this defendant should be ousted and removed, relator has sought the wrong forum and the wrong remedy.
Charles E. Jordan, and George H. Phelps,lor Plaintiff;
Boss & Kinder, and W. F. Duncan, for Defendant..
The demurrer to these petitions will therefore upon the second ground of demurrer, be sustained, and the petitions dismissed at the cost of plaintiff, and execution awarded.